
Vermont Superior Court
Filed 09/10/25
Washington Unit

VERMONT SUPERIOR COURT

Washington Unit

65 State Street

Montpelier VT 05602

802-828-2091

www.vermontjudiciary.org



CIVIL DIVISION

Case No. 25-CV-02099

---

**Parker Weber v. Ameriscape Inc, et al**

---

# ENTRY REGARDING MOTION

Title:        Motion to Dismiss  (Motion: 1)

Filer:        Thomas J. Fay

Filed Date:   July 21, 2025

The motion is DENIED IN PART.

Defendant Brassworks seeks to be dismissed from the present litigation due to its alleged non-involvement in the underlying collision. The Court finds that this this motion, while going beyond the pleadings, is appropriate at this stage of the case. Nevertheless, the Motion to Dismiss is **Denied in part**, and the Court directs the parties to establish a schedule for limited discovery and additional briefing.

## I.    Factual Background

On April 11, 2024, Satnam Singh, an operator for 13871851 Canada, Inc. transported a shipment of mulch in 2019 Freightliner Cascadia tractor trailer from SBC Cedar, Inc. in Quebec City, Quebec to Bisbee Hardware in Waitsfield, Vermont.

The purchaser of the shipment was Ameriscape, Inc. While travelling down Route 100 in Duxbury, Vermont, Mr. Singh is alleged to have crossed the center line and struck a 2015 Subaru Crosstrek, killing its operator, Rosetta Weber.

Plaintiff has filed the present negligence and wrongful death action against the mulch producer (SBC Cedar), the buyer (Ameriscape, Inc.), and the hardware store where delivery was to occur (Bisbee Hardware).

Plaintiff has also filed this action against Brassworks, a Rhode Island fireplace company, on the basis that the bill of lading associated with this shipment listed Brassworks as the carrier. Brassworks contends that this is an error and has submitted an affidavit stating that they have never made a delivery in Vermont, that they do not have a common carrier license, and that they do not have a 2019 Freightliner tractor trailer. Brassworks also states that their only Department of Transportation number was associated with a liftgate truck that they sold in February 2024. Effectively Brassworks states that they had nothing to do with Mr. Singh, SBC Cedar, Bisbee Hardware, Ameriscape, or the shipment at issue. Brassworks also notes that the packing slip listed "Blackbird" as the transporter, which corresponds to 13871851 Canada, Inc., the owner of the 2019 Freightliner.

Plaintiff opposes Brassworks' dismissal by pointing to the bill of lading and noting that Brassworks has a DOT number.  Plaintiff contends that this basic pleading is sufficient to survive a motion to dismiss at this stage of the case.

*Legal Analysis*

Defendant Brassworks' motion to dismiss goes beyond the pleadings by introducing an affidavit that puts forward several facts that are not part of Plaintiff's complaint.  A motion to dismiss is generally limited to the facts within the pleadings or documents referenced and incorporated into the pleadings.  It assumes all well-pled facts as true for the purpose of the motion.  *Colby v. Umbrella Inc.*, 2008 VT 20, ¶ 5.

Nevertheless, Rule 12(b) permits the Court to convert a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment so long as it allows all parties to have a reasonable opportunity to present all material made pertinent to such a motion by Rule 56.  V.R.C.P. 13(b).  Such an opportunity includes an "adequate time for discovery."  *Town of Victory v. State*, 174 Vt. 539, 543–44 (2002) (mem.).

In this case, Defendant Brassworks' motion raises a critical question: Did Brassworks have any connection to the underlying incident, or was their name put on the bill of lading in error.   If it was added in error, then Brassworks is entitled to

an early dismissal from the present matter.  If not, they should remain a party.  Such a fundamental question appears to the Court to be an important threshold issue.  If Plaintiff has named the wrong carrier, then Plaintiff should want to correct this error as well for fear of motions to dismiss for lack of a necessary party.

To this end, Defendant's immediate Motion to Dismiss is **Denied in part** as it does not meet the standard for Rule 12(b)(6) motions on the pleadings.  This is because the purpose of a motion to dismiss for failure to state a claim is "to test the law of the claim, not the facts which support it." *Brigham v. State of Vermont*, 2005 VT 105, ¶ 11 (quoting *Powers v. Office of Child Support*, 173 Vt. 390, 395 (2002)).

However, the Court does not dismiss this motion outright but will convert it into a motion for summary judgment.  Based on this decision, Plaintiff shall consult with Defendant Brassworks and shall submit within 21 days a schedule for the following:

1) A timeline for discovery on this issue of whether Brassworks was involved in the underlying incident.

2) A timeline for responding to Defendant's motion with any additional information.

3) A timeline for Brassworks to reply to any additional filings from Plaintiff.

This schedule shall be separate from any ADR schedule filed between Plaintiff and the other parties, and it shall be limited to discovery concerning Brassworks' connection to the incident. Once this schedule is completed, the Court will take Brassworks' motion under consideration through the lens of Rule 56. *Skiff v. South Burlington School District*, 2018 VT 117, ¶ 2, n.1.

**So Ordered.**

Electronically signed on 9/9/2025 7:19 PM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge